AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted):* Elijah Adams | | Docket or Case No.: 6:24CR06081-001 |
| Place of Confinement: FCI Fort Dix | Prisoner No.: 94954-510 | |
| UNITED STATES OF AMERICA  V. | Movant *(include name under which convicted)* Elijah Adams | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:
    New York, Western District

    (b) Criminal docket or case number (if you know): 6:24CR06081-001

2.  (a) Date of the judgment of conviction (if you know): 4-14-2026
    (b) Date of sentencing: 4-14-2026

3.  Length of sentence: 90 months

4.  Nature of crime (all counts): 21:841(A)(1) and 21:841(B)(1)(B) Possession of 10GM or More of Para-Fluorofentanyl with Intent to Distribute CT1.18:922(G)(1) and 924(A)(8) Felon in Possession of Firearms and Ammunition.

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
    N/A

6.  If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☐
    N/A
7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐          No ☐

N/A

**Page 2 of 13**

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?        Yes ☐        No ☒

9.  If you did appeal, answer the following:

   (a) Name of court: _____ N/A _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

      If "Yes," answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding:        N/A

    (5)  Grounds raised:

                                        N/A

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☐

    (7)  Result:        N/A

    (8)  Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:

    (2)  Docket of case number (if you know):

    (3)  Date of filing (if you know):

    (4)  Nature of the proceeding:

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☐

    (7)  Result:        N/A

    (8)  Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☐

    (2)  Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
      My Attornie's advised not to file any Motions or Appeals, and to waive all rights to Appeal.

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**  Attorney advised Petitioner not to file Direct Appeal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

All of my Attornie's advised me not to file an Appeal and to waive my Appeal right, which I did.

I feel that if I was allowed to file my Direct Appeal, I am quite

I was never informed by my Attornie's that my plea agreement included a waiver of my right to a Direct Appeal.

Had I known this, I would have asked to renegotiate the plea or taken a different course of action.

I was unaware I had waived this right until after my conviction and sentencing.

**(b) Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

I did not file a Direct Appeal

**(c) Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☒

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☒

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ N/A _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:                    I was told not to file an Appeal

**GROUND TWO:**   Petitioner was not allowed to review the Pre-Sentence Report (PSR)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner has due process and Rule 32 Fed.R.Crim.P. right to review teh PSR before sentencing. Counsel failed to show it to Petitioner or discuss it, which could be a Rule 32 Violation and IAC.

(b) **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

I did not file a Direct Appeal

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

I was not allowed to file a Direct Appeal

AO 243 (Rev. 09/17)

**GROUND THREE:** Petitioner was not allowed to review Discovery Materials

---

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective Assitance Of Counsel for Failing to Review Discovery Materials. I was never allowed to view the discovery materials in my case. Counsel did not review the materials with Petitioner or ensure he was informed of the evidence against him. Petitioner was unable to make informed decisions regarding his plea, trial rights, and defense strategy, causing prejudice under Strickland v. Washington, 466 U.S. 668(1984).

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

I was not allowed to appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:**   Ineffective Assitance Of Counsel For Failing To Advise Petitioner Of Appeal Waiver In Plea Agreement

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense failed to inform Petitioner that the plea agreement contained a waiver of his right to appeal. As a result, Petitioner entered into a plea agreement without full knowledge of its terms.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Was not allowed to appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐               N/A

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13.  Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

I was sentenced to 90 months for amounts that should have been scheduled as less on the Guideline Chart.
I received a 2 point enhancement for a 922(G)
My suppression hearing was denied due to the incompetance of my Attorney's
The 922(G) and 924 should have been suppressed
Guideline should have been 50-70 months
3 prior convictions were used,which didn't qualify for an increase in my sentence guideline.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.                          N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

James Charles Egan PLLC/James Scott Wolford/Kathryn S. Austin

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:    Refer to above

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☒

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
       (1)   the date on which the judgment of conviction became final;
       (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
       (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
       (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
To be scheduled for an Evidentiary Hearing, and appointment of
Counsel that is competant enough to assist me on my issues.
 I feel that if I had competant counsel, I would have received a sentence
or any other relief to which movant may be entitled. that was much lower.

_____
Signature of Attorney (if any)
N/A

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on June 18, 2026 _____ .
                                                                    (month, date, year)

Executed (signed) on June 18, 2026 _____ ___ (date)

*Elijah Adams*
Signature of Movant
Elijah Adams

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## MEMORANDUM OF LAW

Under Strickland v. Washington (466 U.S. 668,1984) The Petitioner will show that his Attorney's performance was objectively unreasonable under professional norms.

This deficient performance affected the outcome, and there is a reasonable probability that, but for Counsel's errors, the result of the proceeding would have been different.

1. Attorney advised Petitioner not to file Direct Appeal after being instructed to do so, or fails to consult about the Appeal, can constitute per se, deficient performance, even without showing that the Appeal would have succeeded.

**Key Case Law:**

**Roe v. Flores-Ortega, 528 U.S. 470 (2000)** Counsel's failure to consult with Defendant about an Appeal may be ineffective assistance if a rational Defendant would want to Appeal or the Defendant reasonably demonstrated interest in appealing. Petitioner argued that he reasonably expected to Appeal, and that Counsel never properly advised the Petitioner, Mr, Elijah Adams the right to Appeal or its importance, especially if he was not shown the Pre-Sentence Report, or Full Discovery.

2. Petitioner was not allowed to review the Pre-Sentence Report (PSR)

Petitioner has a Due Process and Rule 32 Fed.R.Crim.P. right to review the PSR before sentencing. Counsel failed to show it to Petitioner, or discuss it, which could be a Rule 32 Violation and IAC.

Petitioner was unaware of factual inaccuracies, and could not challenge enhancements or sentencing factors, and this had a real impact on his sentencing outcome.

(1)

3. Petitioner was never shown Discovery Materials

Discovery Materials include exculpatory (Brady) or impeachment (Giglio) evidence. If the Government undermined the Petitioner's access, and Counsel did not push for access or share the content, this can be IAC.

In turn, the Petitioner could not make informed decisions about the plea, trial strategy, or testimony. This severely undermined Petitioner's defense, and his ability to assess the strength of the Government's case.

4. Ineffective Assistance Of Counsel For Failing To Advise Petitioner Of Appeal Waiver In Plea Agreement

Defense Counsel failed to inform Petitioner that the plea agreement contained a waiver of his right to appeal. As a result, Petitioner entered the Plea Agreement without full knowledge of its terms.

This constitutes deficient performance under **Strickland** and renders the appeal waiver unknowingly and involuntary, in violation of Petitioner's Constitutional Rights.

I was never informed by my Attorney that my Plea Agreement included a waiver of my right to file a Direct Appeal. Had the Petitioner known this, he would have renegotiated the plea or taken a different course of action. Petitioner was unaware he had waived this right until after the conviction and sentencing.

The Petitioner vaguely understood the plea agreement. When the Court asked him during the plea colloquy whether he understood the waiving of the appeal, he didn't actually understand it due to lack of explanation from Counsel, which is why the issue is being raised now.

**Relief Requested:**

As these failures by Counsel severley impaired Petitioner's ability to assist in his defense and to receive a fair sentencing and post-conviction review, the Petitioner requests the following relief by this Court.

An Evidentiary Hearing

An Order Vacating his Sentence

Reinstatement of Direct Appeal Rights

Any Other Relief The Court Deems Just and Proper.

*Elijah Adams*

Respectfully Submitted:

Elijah Adams
Reg.No. 94954-510
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640


## AFFIDAVIT IN SUPPORT OF § 2255 MOTION

I, Elijah Adams, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746:

I was convicted in the United States District for The Western District Of New York of violating 21 U.S.C. §§ 21:841(A)(1) and 21:841(B)(1)(B) and 18:922(G)(1) and 924(A)(8).

My Attorney did not consult me about filing an Appeal, nor did he file a Notice Of Appeal on my behalf.

I never received or reviewed my PreSentence Investigation Report prior to sentencing. I was not informed of its content and could not verify or challenge any information.

I never saw discovery in my case. My Attorney's did not show it to me, and I was told the Government did not allow access to it.

I was unable to make informed decisions regarding my case and was prejudiced in sentencing and post-conviction rights.

I respectfully request the Court to GRANT this Motion, and hold an Evidentiary Hearing.

Executed this __18__ Day Of __June__ 2026.

*Elijah Adams*
Respectfully:

Elijah Adams



Elijah Adams, 94954-510
FCI Fort Dix
PO Box 2000
JBMDL, NJ 08640



United States District Court
100 State Street, Room 2120
Rochester, NY 14614